## Gochnauer, Appellant, *v.* Union Trust Company.

*Affidavit of defense—Escrow—Delivery.*

In an action by the grantor against the depositary of an escrow for delivery to the grantee without performance of the required conditions, an affidavit of defense denying the breach of the conditions is sufficient to prevent judgment.

Argued Jan. 17, 1906. Appeal, No. 354, Jan. T. 1905, by plaintiff, from order of C. P. No. 2, Phila. Co., Sept. T., 1905, No. 1,725, discharging rule for judgment for want of a sufficient affidavit of defense in case of George C. Gochnauer v. The Union Trust Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Rule for judgment for want of a sufficient affidavit of defense.

The averments of the statement and of the affidavit of defense are set forth in the opinion of the Supreme Court.

The court discharged a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*R. W. Woods*, with him *L. M. Schoch*, for appellant.

*James Collins Jones*, for appellee.

PER CURIAM, February 26, 1906:

The plaintiff's cause of action as set forth in a very long and diffuse statement amounts in brief to this, that plaintiff being the owner of a certain mill property, agreed to sell it on certain conditions, in pursuance of a plan for a combination or trust of flouring mills, and for that purpose made and delivered in escrow to an officer of the defendant company, a deed for said mill; that thereupon the defendant undertook to see that all the conditions upon which the conveyance was to become operative, should be fulfilled before the delivery of the said deed; that the president of the defendant, being one of the promoters of the proposed combination, made certain promises to plaintiff as to the use of the moneys paid in, etc., whereby the latter was induced to deliver the deed in escrow and to accept a certain form of receipt for it, and finally that in violation of its duty under the agreement defendant had delivered the deed to the grantee without the performance of the conditions.

The affidavit of defense by the president of the defendant company denied that he was one of the promoters of the combination or that he or his company had any relation to the transaction or assumed any duty in regard to it other than as holder of the escrow in accordance with an agreement in writing and a receipt duly set forth as exhibits to the statement and the affidavit; and denied any breach of the agreement on the part of himself or the company. So far as appears the affidavit is a plain categorical denial of the cause of action set up in a statement which in itself indicates a trial upon full evidence and not on mere averments as its appropriate tribunal.

Judgment affirmed.